```
                UNITED STATES DISTRICT COURT
                   DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| GIUSEPPE GIUDICE, | : |
| | : Civil Action No. 17-6914 (NLH) |
| Petitioner, | : |
| | : |
| v. | : OPINION |
| | : |
| U.S. BUREAU OF PRISONS, | : |
| FORT DIX FEDERAL CORRECTIONAL | : |
| INSTITUTION, and U.S. | : |
| DEPARTMENT OF HOMELAND | : |
| SECURITY, | : |
| | : |
| Respondents. | : |

APPEARANCES:

Jerrard A. Gonzalez
BASTARRIKA, SOTO, GONZALEZ & SOMOHANO LLP
90 Main Street, Suite 308
Hackensack, N.J. 07601
    and
Thomas E. Moseley
LAW OFFICE OF TOM MOSELEY
One Gateway Center, Suite 2600
Newark, N.J. 07102-5397
    Counsel for Petitioner

Caroline A. Sadlowski
U.S. Attorney's Office
970 Broad Street, Suite 700
Newark, N.J. 07102
    and
Jessica Rose O'Neill
U.S. Attorney's Office
401 Market Street, 4th Floor
Camden, N.J. 08101
    Counsel for Respondents

HILLMAN, District Judge

    Petitioner Giuseppe Giudice files this writ of habeas corpus under 28 U.S.C. § 2241, to challenge the alleged failure

of the U.S. Bureau of Prisons to provide Petitioner with access to the Residential Drug Abuse Program ("RDAP") as well as the inability of Petitioner to contest his removal proceedings while incarcerated at the Federal Correctional Institution at Fort Dix ("FCI Ft. Dix").  See ECF No. 1.  For the reasons discussed below, Petitioner will be ordered to show cause why the Petition should not be dismissed as moot or for failure to exhaust administrative remedies.

BACKGROUND

On October 2, 2014, Petitioner was sentenced to a forty-one month (41) term of imprisonment with two years of supervised release for various federal offenses including conspiracy to commit mail and wire fraud; bankruptcy fraud-concealment; false declarations; and failure to file tax returns.  Petitioner's sentence recommended that Petitioner participate in an alcohol program.  On March 25, 2016, the Department of Homeland Security lodged a detainer on the Petitioner for investigation for removal proceedings.

Plaintiff was initially incarcerated at the Federal Correctional Institution at Fort Dix, in Fort Dix, New Jersey. See ECF No. 1 at 1.  According to Petitioner, the Petitioner was unable to participate in the RDAP program at FCI Ft. Dix because Petitioner has an ICE detainer.  Id. at 6.  Petitioner also alleges that he was unable to challenge the ICE detainer at FCI

2

Ft. Dix, which does not have the facilities for its inmates to appear before an immigration judge. Id. at 7. Finally, Petitioner alleges that he should not be denied entry to the RDAP program because he is not an ICE detainee, and that even if he were, he should still have access to the RDAP program. Id. at 7-8. Petitioner has since been transferred to the Federal Correctional Institution at Allenwood ("FCI Allenwood"), in Allenwood, Pennsylvania.

DISCUSSION

Respondents argue that this Petition appears to be moot because the Petitioner has been transferred to FCI Allenwood, which provides inmates an opportunity to appear before an immigration judge and also offers the RDAP program. ECF No. 4 at 6. In support of their argument, Respondents cite Capozzi v. Bledsoe, 560 F. App'x 157, 159 (3d Cir. 2014), in which the Court of Appeals for the Third Circuit held that an inmate's transfer to a new unit rendered moot the inmate's petition for writ of habeas corpus requesting transfer out of the special management unit, where the inmate was housed prior to his transfer. ECF No. 4 at 7. The same sort of circumstances appear here: Petitioner has already been transferred to a facility where he may appear before an immigration judge and have access to participation in the RDAP program.

3

Respondents also argue that, aside from the issue of mootness, the Petition should be dismissed because Petitioner failed to exhaust his administrative remedies as required for a petition arising under 28 U.S.C. § 2241.  Id.  In support of this argument, Respondents cite both Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981), which holds that a prisoner may not ordinarily seek habeas relief until he has exhausted administrative remedies, and Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 761 (3d Cir. 1996), which holds that a failure to exhaust prior to bringing a § 2241 petition constitutes a procedural default and bars review on the merits.  ECF No. 4 at 8.  Here, Petitioner admits in the Petition that he has not attempted to exhaust his administrative remedies.  See ECF No. 1 at 7.

For these reasons, it appears that the Petition should be dismissed.  Indeed, counsel for Petitioner indicated that Petitioner may choose to voluntarily dismiss the Petition by letter dated January 5, 2018.  ECF No. 10 at 1.  Petitioner, however, has failed to file either a request for voluntary dismissal or a reply addressing the mootness and exhaustion issues, despite being ordered to do so by January 18, 2018.  See ECF No. 11 ("Petitioner's reply shall be filed on or before January 18, 2018.").

Before dismissing the Petition as moot or unexhausted, the Court will grant Petitioner fourteen (14) days in which to show cause why the Petition should not be dismissed.

CONCLUSION

Based upon the foregoing, the Court will require Petitioner to show cause why the Petition should not be dismissed as moot or unexhausted.  An appropriate Order follows.


Dated: January 23, 2018             s/ Noel L. Hillman
At Camden, New Jersey               NOEL L. HILLMAN, U.S.D.J.